# ACNB Bank v. Singh

C.P. of Adams County, No. 2013-S-796

*Edward G. Puhl*, for plaintiff.
*Guy P. Beneventano*, for defendants.

KUHN, *J.*, Aug. 25, 2014—Before this court for disposition are plaintiff's exceptions to sheriff's amended proposed schedule of distribution ("distribution"). For the reasons set forth herein, said exceptions are sustained.

Plaintiff commenced this action by filing a complaint in mortgage foreclosure on June 21, 2013, against defendants (hereinafter "owners"). On November 22, 2013, judgment was entered by default. On March 21, 2014, the property was sold at a Sheriff's Sale. On April 11, 2014, an amended proposed schedule of distribution was completed which

provided, in relevant part, that a municipal lien held by Latimore Township ("Township") would hold priority over the mortgage held by plaintiff. On April 16, 2014, plaintiff filed exceptions to sheriff's amended proposed schedule of distribution. By order dated April 21, 2014, township, and any other interested party, was directed to show cause why the relief in plaintiff's exceptions should not be granted. Additionally, an evidentiary hearing and argument were scheduled for June 6, 2014. On May 12, 2014, township filed its response to exceptions filed by ACNB Bank. On June 6, 2014, no testimony was presented but argument occurred as scheduled.

Priority of adverse liens is generally determined by the date in which they are filed of record. 42 Pa.C.S.A. § 8141. On February 5, 2004, the mortgage on the property was recorded in the Office of the Recorder of Deeds of Adams County in Record Book 3461 at page 144. On May 14, 2013, Township filed a Municipal Claim pursuant to the Municipal Claims and Tax Liens Act, 53 P.S. § 7101, et seq. (hereinafter "the MCTLA") against the subject property in No. 13-TL-257. Based on the dates of recordation plaintiff's mortgage would appear to have priority over Township's municipal claim.

However, one exception to the first in time, first in right rule regarding adverse liens, is a municipal claim filed under Section 7106(a) of the MCTLA, 53 P.S. § 7106(a). That section provides, inter alia, that municipal claims should have priority and be satisfied out of the proceeds of any judicial sale before any other "obligation, judgment, claim, lien, or estate with which the said property may be charged..." *Id.* Municipal claims are defined, in relevant part, as a "claim filed to recover...for the removal of nuisances..." 53 P.S. §7101.

Here, Township's municipal claim arises out of two orders awarding attorney fees in cases docketed at no. 2010-S-1202 and 2010-S-1343.[1] The background of those cases[2] is relevant to the disposition of the issue sub judice. The owners acquired the property on January 29, 2004, and operated it as a convenience store and gas station. In August 2009 the owners placed a 20' x 20' shed behind the store which appeared to be used for living purposes. Shortly thereafter, the Township notified the owners that a zoning permit was needed to place the new structure on the property and that they had to submit a land development plan. On December 3, 2009, the owners submitted a land development plan to the Township. On December 7, 2009, the township enforcement officer issued an enforcement notice to the owners alleging that they violated the township zoning ordinance by placing the structure without a building permit and for occupying it without an occupancy permit. The owners were notified of their right to appeal that notice within 30 days but failed to do so.

On July 2, 2010, the Township issued its decision dated June 17, 2010, in which it denied the land development plan. On July 21, 2010, the owners filed a land use appeal from this decision at 2010-S-1202.

Meanwhile, the Township had filed a civil action before the local magisterial district court against the owners for placing the structure in violation of the zoning ordinance. On July 30, 2010, that court entered judgment in favor of the Township. The owners appealed and the Township filed a complaint on August 31, 2010, at 2010-S-1343

1. No. 2010-S-1202 is captioned *Parminder Singh and Paramjit Kaur, Appellants v. Latimore Township*, Appellee. No. 2010-S-1343 is captioned *Latimore Township v. Parminder Singh and Paramjit Kaur*.

2. The background is garnered from the record in those cases.

which included a request for injunctive relief.

Eventually the two actions were consolidated for disposition. By order and opinion dated January 26, 2011, the court 1) in no. 1202 affirmed the decision of the Township in denying the land development plan and 2) in no. 1343 granted the Township's request for a preliminary injunction and awarded the Township attorney fees and costs. By order dated November 9, 2012, those attorney fees were set at $16,695.33 for the period through September 12, 2011, and by order dated March 1, 2013, additional attorney fees of $10,592.00 were imposed. It is the combination of those two awards of attorney fees, totaling $27,287.33, which formed the basis for the Township's municipal claim in no. 13-TL-257.

Plaintiff avers that township's municipal claim does not qualify as such under the MCTLA. It argues that municipal claims under the MCTLA generally arise out of, or result from, tax, service, work done, improvement authorized and undertaken, and other categories or work done and improvements made. Plaintiff avers that Township's municipal claim provides no grounds for the assertion that the attorneys' fees sought are for work done or services supplied under the MCTLA. Plaintiff acknowledges that Township has a valid judgment against owners, but denies that Township's judgment enjoys priority over plaintiff's mortgage lien.

Township avers that the municipal claim relates to the removal of a nuisance, namely the illegal use of a storage shed as an apartment. It is further averred that such illegal use constituted a nuisance under Latimore Township's Zoning Ordinance, specifically Section 306 (Uses with Nuisance Effect), which states "in no case is a use permitted which by reason of noise, dust, odor, appearance, or other

objectionable factor creates a hazard, or other substantial effect upon the reasonable enjoyment of the surrounding property." As such, Township avers that the attorney's fees which were awarded resulted from its efforts to remove the nuisance as defined under the zoning ordinance which then qualifies as removing a nuisance under the MCTLA and therefore gives the municipal claim priority over plaintiff's mortgage.

Upon review of the case, it does not appear that the existence or removal of a nuisance was ever pleaded or established by Township. The land use appeal, no. 2010-S-1202, regarded denial of the plan and improper review of the plan under the requirements of Township's zoning ordinances. Township's complaint, no. 2010-S-1343, sought injunctive relief for defendants' violation of Latimore Township's Zoning Ordinance. Township did not raise the issue of a nuisance in either case. Furthermore, a zoning ordinance violation is not alone sufficient as conclusive evidence of a nuisance or nuisance *per se*. *Tid Bit Alley, Inc. v. Erie County, Erie County Dept. of Health*, 103 Pa. Commw. 46, 520 A.2d 70 (1987). In the underlying matter, the Township did not plead or prove that the shed has a nuisance effect. Additionally, in its municipal claim, Township fails to offer this court any facts or evidence which would otherwise establish the municipal claim as being authorized as a municipal claim for priority purposes under the MCTLA.

Therefore, this court concludes that the attorney's fees awarded to Township resulted from litigation stemming from violations of zoning ordinances and not from the removal of a nuisance, and as such, Township's municipal claim does not enjoy priority over a previous, validly recorded mortgage on the property.

Accordingly, the attached order is entered.

## ORDER OF COURT

And now, this 25th day of August, 2014, upon consideration of the exceptions to sheriff's amended proposed schedule of sale, filed on behalf of plaintiff, ACNB Bank, formerly known as Adams County National Bank, it is hereby ordered, adjudged and decreed that the exceptions are sustained and plaintiff's writ of execution for 250 Ridge Road, York Springs, Pennsylvania 17372 enjoys priority over the Latimore Township municipal claim against said property made in 13-TL-257.